[Civ. No. 2897.   Third Appellate District.—January 28, 1926.]

PETER DUSIS, Respondent, v. T. KARNEZIS, Appellant.

[1] SERVICES — MONEYS EXPENDED — AMOUNT DUE — FINDINGS — EVIDENCE.—In this action to recover a balance due for personal services and for moneys advanced and expended by plaintiff for defendants, the findings of the trial court as to the total sum due plaintiff from defendants are not supported by evidence.

[2] ID.—LIABILITY OF PARTIES—FINDING—EVIDENCE—APPEAL.—In such action, the point made by the appealing defendant that the evidence shows that whatever indebtedness was due the plaintiff was the joint obligation of all the defendants and another, and that the finding that the two nonappealing defendants were not indebted to the plaintiff is without support, cannot be said on appeal to be well grounded.

---

(1) 39 **C. J.**, p. 205, n. 45.   (2) 39 **C. J.**, p. 204, n. 29.

APPEAL from a judgment of the Superior Court of Yolo County. W. A. Anderson, Judge. Reversed.

The facts are stated in the opinion of the court.

---

1.   See 24 Cal. Jur. 990.

Arthur C. Huston and Harry L. Huston for Appellant.

J. E. Ebert for Respondent.

HART, J.—The action is for the recovery of the total sum of $1,489.85, alleged to be the balance due plaintiff for personal services, alleged to have been performed, and moneys advanced and expended by plaintiff for defendants "at their special instance and request."

The facts, taken in part from plaintiff's testimony, generally stated, are: That the three defendants and one Eron, in the year 1920, jointly owned a band of some 1500 head of sheep which they were keeping and pasturing on a track of leased grazing land in Yolo County. In June, 1920, they employed plaintiff to herd and take care of said sheep, at a monthly wage or salary of $100 per month. Plaintiff worked for the four defendants from the twenty-sixth day of June, 1920, until about the twenty-sixth day of October, 1920, at which time or thereabouts defendants divided the sheep between themselves. Immediately after such division was made and the defendants were no longer jointly interested in the sheep business, appellant, who was then residing in the city of Marysville and consequently not stopping at the sheep ranch, engaged plaintiff to continue to take care of his (appellant's) sheep and to take charge of the sheep camp, agreeing to pay plaintiff the sum of $125 per month for his services and to reimburse him for any moneys he (plaintiff) might advance in purchasing groceries, provisions, etc., necessary for living purposes at the camp, and for any expense he might incur in procuring pasturage for the sheep. The plaintiff worked for appellant, upon the terms stated, from the twenty-sixth day of October, 1920, until June 13, 1921. The total number of months during which the plaintiff was so employed by and for the defendants and for the appellant was eleven months and eighteen days.

The complaint, which is in two counts and unverified, alleges, in the first count, that defendants are indebted to plaintiff as for labor performed in the aggregate sum of $1,346.06, of which the sum of $750 had been paid, leaving a balance unpaid, on account of labor performed, of $596.06. In the second count it is alleged that plaintiff advanced and expended the sum of $893.79 for the defendants in the

purchase of provisions, supplies, pasture, feed, etc., and incurred and paid ''other expenses in connection with the care of a band of sheep'' belonging to defendants.

The answer interposed a general denial of the allegations of both counts of the complaint.

The court found that defendant Karnezis was indebted to plaintiff on the first count in the sum of $406.66, being the balance due and owing for labor after the payment to plaintiff on that account of the sum of $750, and that on the second count the same defendant was indebted to plaintiff in the sum of $608.17. It was further found that neither the defendant Fundulakis nor the defendant Koralis was indebted to plaintiff on either count. Eron, it will be observed, was not made a party defendant.

Judgment was awarded plaintiff as against Karnezis in the aggregate sum of $1,014.83, and, a motion for a new trial by him having been denied, he appeals from said judgment.

The appealing defendant, among several points upon which he relies for a reversal, contends that the findings are not supported by the evidence. This contention must be sustained upon the plaintiff's own testimony, which, in part, is as follows:

''Mr. Eron paid me first time, $100.00, and Mr. Thero Karnezis paid $200.00, and Mr. Fundulakis paid $50 on February 15th, 1921. On December 24th, 1920, I received a check from Mr. Allan for $68.40. The check was made to the order of Pete Dusis and signed by M. G. Allan; on February 3d, 1921, I received a check payable to myself for $300.00 from M. G. Allan, and I endorsed it with my mark and cash it for Nick Koralis, but I did not get the money. The money was for sheep that Mr. Karnezis sold to Mr. Allan, the butcher. I took the check and went to Sacramento, and got the money and gave it to Mr. Koralis. On April 6th, 1921, a check signed by T. H. Karnezis payable to Harry J. Demis for $100.00 was not given to me, or cashed by me, and Mr. Demis did not give me the money. I received $240.00 by check dated Jan. 31st, 1921, signed by T. H. Karnezis, and made payable to myself, and on December 24th, 1920, I received the money from a check for $100.00, signed by T. H. Karnezis, and payable to Pete Dudasher. On March 5th, 1921, I received a check from

T. H. Karnezis for $100.00; on February 26th, 1920, or
1921, I received another check from T. H. Karnezis for
$100.00 and cashed the same and received the money. I
also received $150.00 from T. H. Karnezis on March 7th,
1921, by check. I did not receive any other money from
these defendants other than the checks which you have
shown me. Mr. Karnezis did not pay me $100.00 in cash
on or about May 23d, 1921, at Marysville. He gave me a
check for $100.00 in his saloon. The time Mr. Karnezis
went to Marysville he said he would pay me $125.00 per
month.''

On redirect examination, the witness testified as follows:
''Mr. Eron did not give me $200, he just gave me a check
for $100.''

On . recross-examination the witness testified as follows:
''This man Eron paid me $200.00; he gave me two checks;
the check for $68.40, I spent for myself. I am not sure
whether Mr. Eron gave me $200 or whether there was an-
other check for $30, I am not sure.''

Leaving out of the computation the check referred to by
plaintiff in his testimony as above given herein as having
been issued by appellant to and in the name of one Harry J.
Demis for the sum of $100, which check, or the money
thereon, plaintiff stated he did not receive, also excluding
the $300, which he said he received in the form of a check
from one Allan, but which, he further said, he cashed and
delivered the money to Koralis, and assuming that Eron
paid him the sum of $100 only and including the $100
in the computation of the amounts paid plaintiff, as shown
by his own testimony, the defendants were entitled to be
credited with the total payment of $1,208.40, in the place
of the sum of the $750 found by the court to be the total
amount paid by defendants to plaintiff. But it will be
noted that the plaintiff stated that he was not sure whether
Eron paid him $100 or $200. As is to be seen, once he
unequivocally stated that ''this man Eron paid me $200;
he gave me two checks,'' but subsequently declared that he
was not certain that Eron paid him $200 ''or whether there
was another check for $30.00.'' In any event, it is clear
that plaintiff could not deny, and apparently did not at-
tempt to deny, that he could not positively say whether
Eron did or did not pay him more than the sum of $100.

Thus the testimony of Eron as to the payment made by him to plaintiff becomes important. He positively testified that he paid plaintiff over $200, being uncertain, however, as to the amount in excess of $200. It, therefore, stands undisputed in the record that Eron paid at least $200 to plaintiff, and hence the further sum of $100 must be added to the total sum which should be allowed or credited defendants on account of payments made to plaintiff by them. Thus the total amount which appellant is entitled to be credited with as payments to plaintiff, as found by the court, is the sum of $1,308.40, instead of $750, as likewise found. Subtracting said item of $1,308.40 from the total amount of the said indebtedness, as found by the court, viz.: the sum of $1,764.83, and the result is that, at the most, the plaintiff is entitled to judgment for the sum of $456.43 only, or the sum of $558.40 less than the sum awarded plaintiff by the judgment. [1] It obviously follows that the findings as to the total sum due plaintiff from defendants are not supported, for which reason, of course, the judgment must be reversed.

[2] The point made by appellant that the evidence shows that whatever indebtedness was due the plaintiff was the joint obligation of the three defendants and Eron, and that the finding that the defendants Fundulakis and Koralis were not indebted to the plaintiff by reason of the latter's employment as alleged in the complaint and for moneys advanced, as likewise alleged, is without support, we cannot say is well grounded. The evidence as to that matter is so confusing and unsatisfactory that it is difficult for this court to say how far or to what extent, if to any, the three defendants and Eron were jointly liable for the indebtedness counted on in the complaint. The court below was of the opinion that appellant alone was liable for the total amount which it found was due plaintiff, and as there was evidence that the parties were joint owners of the sheep and jointly employed plaintiff for three months only of the eleven months that plaintiff was employed, that some payments were made prior to the business separation between the parties, and that the court did not allow the full amount claimed by plaintiff, we cannot say but that the court was warranted in finding that the appellant was solely liable for any balance due plaintiff. The real fact as to this

matter could, we think, and should be more clearly shown than it appears to have been at the trial of which this appeal is the culmination and probably will be on a retrial of the case.

The judgment is reversed.

Plummer, J., and Finch, P. J., concurred.